(146 P.3d 222)
No. 94,960

JAMES W. MCDERMED, *Appellant,* v. STATE OF KANSAS, *Appellee.*

Opinion filed November 9, 2006.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Jeffrey E. Evans*, assistant district attorney, *Nola Tedesco Foulston*, district attorney, and *Phill Kline*, attorney general, for appellee.

Before MARQUARDT, P.J., MALONE and CAPLINGER, JJ.

MALONE, J.: James W. McDermed appeals the district court's denial of his K.S.A. 60-1507 motion. McDermed claims he received ineffective assistance of counsel at the preliminary hearing on his motion. He further claims the district court abused its discretion in denying his motion without conducting an evidentiary hearing. We reject both claims and affirm the district court.

In January 1995, McDermed was charged with three counts of aggravated robbery and one count of kidnapping. At trial, evidence was introduced showing McDermed and seven other young men robbed three victims. The victims called 911 and described the robbers. An officer approaching the scene encountered two cars (a red Hyundai and a gray Cougar) which appeared to be together and, upon stopping the red Hyundai, found several items taken during the robbery. Shortly thereafter, McDermed was located inside the gray Cougar, along with other items taken in the robbery.

McDermed was convicted as charged, and he was sentenced to 172 months' imprisonment. He appealed his convictions, arguing for the first time on appeal that there was no probable cause for his arrest. This court affirmed the convictions and concluded: "The officers had reasonable suspicion to believe the occupants of the Mercury Cougar had been involved in a crime, and after the stop, they had probable cause to believe the occupants had committed a felony." *State v. McDermed*, No. 75,760, slip op. at 2, unpublished opinion filed January 30, 1998, *rev. denied* 264 Kan. 823.

On September 24, 2003, McDermed filed a K.S.A. 60-1507 motion alleging ineffective assistance of trial counsel, insufficient evidence, equal protection violations, and vindictive prosecution. The district court appointed counsel to represent McDermed and conducted a preliminary hearing in order to determine whether McDermed's motion warranted an evidentiary hearing. After hearing from counsel at the preliminary hearing, the district court summarily denied the motion. McDermed timely appealed.

*Ineffective assistance of counsel at the K.S.A. 60-1507 hearing*

McDermed first argues his appointed counsel at his K.S.A. 60-1507 hearing was ineffective. He requests that his case be remanded to the district court with orders for the appointment of new counsel and additional hearings. The extent of a movant's statutory right to effective assistance of counsel during a K.S.A. 60-1507 proceeding is a question of law over which this court has previously exercised unlimited review. See *Campbell v. State*, 34 Kan. App. 2d 8, 114 P.3d 162 (2005).

A K.S.A. 60-1507 proceeding is a civil action for which there is no constitutional right to effective assistance of counsel. *Robinson v. State*, 13 Kan. App. 2d 244, 249, 767 P.2d 851 (1989) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555, 95 L. Ed. 2d 539, 107 S. Ct. 1990 [1987]). However, our Supreme Court has held that Kansas law provides a statutory right to effective assistance of counsel in a K.S.A. 60-1507 proceeding. *Brown v. State*, 278 Kan. 481, 483, 101 P.3d 1201 (2004).

*Brown* involved the failure of appointed counsel in a K.S.A. 60-1507 case to inform his client of the district court's adverse decision until 2 years after the ruling. As a result, the movant was denied his right to an appeal. In reviewing the case, the Supreme Court reiterated there is no constitutional right to the appointment of counsel in a postconviction proceeding. However, the court concluded there is a statutory right to the appointment of counsel when the motion presents substantial questions of law or triable issues of fact and the movant is an indigent person. See K.S.A. 2005 Supp. 22-4506(b). The court determined the statutory appointment of counsel, when appropriate, should not be a "useless

formality," and held that counsel's 2-year delay in notifying his client of the adverse ruling "cannot even meet the most minimal of standards." 278 Kan. at 484. Accordingly, the case was remanded to the district court with instructions to allow an appeal to be filed out of time. 278 Kan. at 485.

In *Campbell*, this court extended the rationale in *Brown* to include an instance where court-appointed counsel in a K.S.A. 60-1507 proceeding actively advocated against the motion. 34 Kan. App. 2d at 13. The movant had filed a K.S.A. 60-1507 motion raising numerous issues, including ineffective assistance of trial counsel. The district court appointed counsel for the movant and conducted a nonevidentiary hearing to determine the merits of the motion. At the hearing, the 60-1507 counsel informed the district court there was no basis to proceed with her client's motion. Specifically, the 60-1507 counsel stated she had reviewed the case file and had spoken with movant's trial attorney and argued as follows:

"'Although it would not please Mr. Campbell, I would have to state to the Court that based on my review of that, my experience of almost 15 years as a criminal defense attorney and a prosecutor, I do not find any basis to proceed. I think the file and the information that's presented to the Court speaks for itself. I think the Court would find upon reviewing all the information that I find [trial counsel] was not ineffective nor was the Appellate Defender's Office ineffective.'" 34 Kan. App. 2d at 10.

The 60-1507 counsel continued by arguing that, with respect to movant's claim of ineffective assistance of trial counsel, "I don't think there would have been a different outcome in the matter." 34 Kan. App. 2d at 10. She proceeded to praise trial counsel, noting she had done "a lot of extra work on [movant's] behalf." 34 Kan. App. 2d at 10. She concluded her argument by stating trial counsel was "very effective," and had "prepared a wonderful record." 34 Kan. App. 2d at 10-11. The prosecutor began his response by stating, "Judge, I don't know that I need to say a whole lot." 34 Kan. App. 2d at 11. To no one's surprise, the district court denied the motion.

On appeal, this court determined the motion had raised certain issues that appeared to warrant an evidentiary hearing. This court questioned counsel's failure to identify and argue these issues, but

stopped short of finding that this aspect of counsel's representation was ineffective. Rather, this court stated its "sole concern" was the fact that 60-1507 counsel advocated against her client's motion, essentially mandating an adverse decision. 34 Kan. App. at 13. This court found that counsel's advocacy against her own client's motion was both egregiously ineffective and highly prejudicial. Accordingly, this court concluded the movant's statutory right to effective assistance of counsel had been violated. 34 Kan. App. 2d at 14.

In contrast to counsel's performance in *Campbell*, McDermed's 60-1507 counsel did not advocate against his client's motion at the preliminary hearing. Instead, counsel expressly argued that McDermed's motion raised substantial and compelling issues warranting further proceedings. Counsel began by listing McDermed's numerous allegations on the pretrial questionnaire. He stated the questions of fact were "whether or not he received ineffective assistance of counsel, whether or not the Court abused its discretion in failing to issue instructions of lesser included offenses, and whether or not there was sufficient evidence to support the conviction." Counsel stated the question of law was "whether or not the sentencing court abused its discretion in giving him a term of 172 months when comparing the sentence given to those codefendants." Counsel informed the district court that he had listed the exhibits and witnesses he intended to utilize to support McDermed's case.

McDermed's 60-1507 counsel did make some concessions about the merits of McDermed's motion. Counsel informed the court he had explained to McDermed that, pursuant to PIK Crim. 3d 54.07, it is not a defense that others who participated in the commission of a crime have not been prosecuted. This had been one of the issues McDermed raised in his motion. Also, in discussing McDermed's sufficiency of the evidence claim, counsel acknowledged that this issue had been addressed in McDermed's direct appeal. Counsel stated:

"I would point out to the Court in all candor that in the appellate court's discussion of this case on appeal they did note that the evidence—that the victims identified the defendant as a participant in the robbery and one of the codefendants testified in detail about this robbery and the defendant's participation in it during the trial."

McDermed's counsel did not advocate against his client's position. His actions can be more accurately viewed as expressing candor to the court while arguing on his client's behalf. Under Kansas Rule of Professional Conduct 3.3 (2005 Kan. Ct. R. Annot. 462), McDermed's counsel had a duty of candor toward the court and could not offer evidence he knew to be false or make arguments he knew had no merit. Counsel's candor to the court was appropriate given the circumstances.

The court's appointment of counsel for McDermed at his preliminary hearing was not a "useless formality," and counsel's conduct at least met "the most minimal of standards." See *Brown*, 278 Kan. at 484. McDermed's right to appeal was not foreclosed by counsel's actions, nor did counsel's actions compel the district court's adverse judgment. We conclude McDermed's statutory right to effective assistance of counsel in the K.S.A. 60-1507 proceeding was not violated.

## Summary denial of McDermed's motion

Next, McDermed claims the district court erred in denying his K.S.A. 60-1507 motion without scheduling an evidentiary hearing. Specifically, McDermed claims the district court erred in finding that his trial counsel was not ineffective for failing to object to evidence gathered from the vehicles at the time of McDermed's arrest, for failing to appropriately cross-examine a witness, and for failing to utilize exculpatory evidence. McDermed also claims it was error for the State to present evidence that another person had also been arrested for the crimes without presenting evidence that the other person was never charged with any crimes and that his trial counsel was ineffective for failing to address this issue.

The district court shall hold an evidentiary hearing on a K.S.A. 60-1507 motion and make findings of fact and conclusions of law with respect thereto, unless the motion and the files and records of the case conclusively show the prisoner is not entitled to relief. K.S.A. 60-1507(b); Supreme Court Rule 183(f), (g), and (j) (2005 Kan. Ct. R. Annot. 228). "The burden is on the movant to allege facts sufficient to warrant a hearing on the motion. [Citations omit-

ted.]" *Woodberry v. State*, 33 Kan. App. 2d 171, 173, 101 P.3d 727, *rev. denied* 278 Kan. 853 (2004).

On appeal, a district court's summary denial of a K.S.A. 60-1507 motion is reviewed for abuse of discretion. *Laymon v. State*, 280 Kan. 430, 436-37, 122 P.3d 326 (2005). See Supreme Court Rule 183(h) (district court has discretion to determine whether claim is substantial before granting evidentiary hearing). If the motion alleges facts not in the original record that would, if true, entitle the movant to relief, and if readily available witnesses are identified whose testimony would support those facts, it is error for the district court to summarily deny the motion without holding an evidentiary hearing. *State v. Holmes*, 278 Kan. 603, 629, 102 P.3d 406 (2004).

As for the ineffective assistance of counsel claims, this court applies a two-step analysis. In order to find trial counsel ineffective, a defendant must first establish counsel's performance was deficient, which requires a showing that counsel's performance was less than that guaranteed to a defendant by the Sixth Amendment to the United States Constitution. *State v. Davis*, 277 Kan. 309, 314, 85 P.3d 1164 (2004). Then the defendant must establish he was prejudiced by the deficient performance by showing that counsel's errors were so serious as to deprive him of a fair trial. 277 Kan. at 314.

There is a strong presumption that counsel's performance fell "within the wide range of reasonable professional assistance. [Citation omitted.]" *State v. Betts*, 272 Kan. 369, 387-88, 33 P.3d 575 (2001). To show prejudice, the defendant must show a reasonable probability that but for counsel's errors, the result of the trial would have been different. 272 Kan. at 388.

First, McDermed claims the district court erred in finding that his trial counsel was not ineffective for failing to object to evidence gathered from the vehicles at the time of McDermed's arrest. On this issue, the district court found the evidence had been determined to be admissible on direct appeal, and therefore McDermed had failed to show how he was prejudiced by the alleged error. McDermed argues on appeal that the district court's decision was

erroneous because the admissibility of the items seized from the vehicles had not been challenged on direct appeal.

It is true that on direct appeal this court addressed the issue of whether McDermed's arrest was illegal and not the admissibility of evidence found in the vehicles. *McDermed*, No. 75,760, slip op. at 2. However, in reviewing the arrest, this court determined that the officers had reasonable suspicion to stop the vehicles and after the stop had probable cause to arrest the occupants. Slip op. at 2. McDermed does not state what evidence from the vehicles should have been objected to at trial, but this court noted in the direct appeal that once the officer had stopped one of the vehicles, he saw in plain view cigarettes and a bandanna, which were evidence related to the robbery. Slip op. at 2. This evidence would have been admissible under the plain view exception to the warrant requirement. *State v. Galloway*, 232 Kan. 87, 91, 652 P.2d 673 (1982). The occupants of both vehicles were subsequently arrested based on probable cause they had committed a felony. Any remaining evidence in the vehicles would have been discovered pursuant to a search incident to a lawful arrest. K.S.A. 22-2501. Thus, McDermed fails to show the district court abused its discretion in denying an evidentiary hearing on this claim.

Next, McDermed claims the district court erred in finding that his trial counsel was not ineffective for failing to appropriately cross-examine Jodi Clifton, one of the State's witnesses, and for failing to utilize exculpatory evidence. The district court considered these issues to be trial errors that should have been raised on direct appeal. The district court also considered these issues to be a matter of trial strategy which could not support an ineffective assistance of counsel claim.

McDermed first makes the point that he is claiming *counsel was ineffective* for failing to appropriately cross-examine the witness and for failing to utilize exculpatory evidence, which are not trial errors. In fact, allegations of ineffective assistance of counsel generally will not be considered for the first time on appeal. *State v. Gleason*, 277 Kan. 624, 647, 88 P.3d 218 (2004). We agree with McDermed that it was improper for the district court to dismiss these claims as mere "trial errors."

"However, to the extent a decision is based only upon the 'motion, files, and record' of a case, an appellate court is as equipped as a district court to decide the issues efficiently and reliably." *Laymon*, 280 Kan. at 437. Thus, this court may address whether these issues can be disposed of on the motion, files, and record, or whether substantial issues of fact remain requiring remand for an evidentiary hearing. See *Laymon*, 280 Kan. at 437.

As to the ineffective cross-examination of Clifton, the State's witness, McDermed specifically complains that counsel's questioning of the eyewitness "achieved getting the witness to positively identify Mr. McDermed no less than five times in a row." McDermed cites the following cross-examination to support his complaint:

"Q. [DEFENSE COUNSEL]" Was there a doubt in your mind on January the 16th, 1995?

"A. [WITNESS]: No.

"Q. Was there a doubt in your mind on January the 3rd, 1995?

"A. When the police brought him back and I identified him, no.

"Q. You're sure?

"A. Yes.

"Q. There was a doubt as to whether or not he was the first or second man, though, wasn't there?

"A. Yes.

"Q. But there's no doubt that he was one of the eight people?

"A. He was one of the first two people to approach me with a shotgun.

"Q. And you're sure of that?

"A. Yes."

McDermed's argument loses sight of the standard for ineffective assistance of counsel. The line of questioning McDermed challenges happened on recross-examination. However, on cross-examination, the trial transcript reflects that counsel effectively cross-examined Clifton. Counsel elicited from Clifton that she initially stated McDermed was the first man who approached her on the night she was robbed and now claimed him to be the second man who approached her and that she had trouble identifying him at the preliminary hearing. Counsel's overall cross-examination of Clifton was not deficient, and even if it was, McDermed was not prejudiced by counsel's performance with this one witness. There

was overwhelming evidence supporting McDermed's guilt, including two other victims' descriptions and testimony from one of the other robbers as to McDermed's participation. The district court did not abuse its discretion in determining McDermed was not entitled to an evidentiary hearing on this claim.

As to McDermed's allegation of counsel's failure to utilize exculpatory evidence, McDermed does not argue on appeal what exculpatory evidence counsel failed to utilize. In his motion, McDermed alleged counsel should have utilized certain evidence, including the lack of McDermed's fingerprints on the stolen property. The district court dismissed this claim, in part, as a matter of trial strategy. In criminal cases, a defendant is bound by the tactical decisions of counsel made with proper consultation with a client. *State v. Nixon*, 223 Kan. 788, Syl. ¶ 5, 576 P.2d 691 (1978). McDermed does not claim that his trial counsel failed to consult with him about the evidence. Furthermore, " '[w]here experienced attorneys might disagree on the best tactics, deliberate decisions made for strategic reasons may not establish ineffective counsel.' " *State v. Kendig*, 233 Kan. 890, 896, 666 P.2d 684 (1983).

McDermed points out there is nothing in the record or files which supports the district court's finding that counsel's failure to utilize exculpatory evidence was a matter of trial strategy. We agree. However, we note with significance that the judge who presided over the K.S.A. 60-1507 hearing was the same judge who presided over McDermed's jury trial. Accordingly, the district court's findings concerning the trial counsel's performance are entitled to deference. See *Gilkey v. State*, 31 Kan. App. 2d 84, 85, 60 P.3d 347 (2003) (ordinarily the trial judge is expected to make the preliminary review of a 60-1507 motion to decide if an evidentiary hearing should be conducted, because of his or her familiarity with the underlying criminal case). Also, even if counsel's performance on this issue was deficient, McDermed cannot show prejudice due to the overwhelming evidence against him. We conclude the district court did not abuse its discretion in summarily denying this claim.

Finally, McDermed claims it was error for the State to present evidence that another person, Scott Smiley, was also arrested for

the crimes without presenting evidence that Smiley was never charged with the crimes and that trial counsel was ineffective for failing to address this issue. This was part of McDermed's vindictive prosecution claim, which the district court addressed and found did not entitle McDermed to relief. On appeal, McDermed accurately states that the district court failed to address whether his trial counsel was ineffective for failing to object to this evidence. However, as previously noted, it is not a defense that others who participated in the commission of a crime have or have not been prosecuted. PIK Crim. 3d 54.07. Also, it is apparent from a review of the entire record that this issue had no effect on the outcome of McDermed's trial. The district court did not err in denying McDermed an evidentiary hearing on this claim.

In summary, we conclude the files and records of the case conclusively show that McDermed was not entitled to relief on any of his claims. Even though some of the district court's findings were erroneous, the district court reached the correct result. See *State v. Nash,* 281 Kan. 600, 602, 133 P.3d 836 (2006) (if the district court reaches the right result, its decision will be upheld even though the district court relied upon the wrong ground or assigned erroneous reasons for its decision). The district court did not err in denying McDermed's K.S.A. 60-1507 motion without an evidentiary hearing.

Affirmed.