NOT DESIGNATED FOR PUBLICATION

No. 115,234

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SHANNA FRIDAY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION


Appeal from Douglas District Court; SALLY D. POKORNY, judge. Opinion filed November 23, 2016. Affirmed in part, reversed in part, and remanded with directions.

*Adam M. Hall*, of Collister & Kampschroeder, of Lawrence, for appellant.

*Natalie Yoza*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BUSER, P.J., ATCHESON and POWELL, JJ.


POWELL, J.:  Shanna Friday appeals the district court's denial of her K.S.A. 60-1507 motion claiming ineffective assistance of counsel. Friday claims her criminal trial counsel was ineffective for failing to call an expert witness and for failing to object to the admission of her videotaped police interview. Without hearing evidence, the district court dismissed Friday's claims as conclusory and meritless. While we agree with the district court that Friday's claim concerning the calling of an expert witness is conclusory and therefore without merit, we find her claim that trial counsel failed to adequately present a motion to suppress the videotaped police interview sufficient to raise substantial issues

1

warranting an evidentiary hearing. Accordingly, we affirm in part, reverse in part, and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

On November 7, 2008, Shanna Friday was convicted of reckless second-degree murder and later sentenced by the district court to 174 months in prison. The facts of the underlying case are set out in Friday's direct appeal. *State v. Friday*, 297 Kan. 1023, 1027-28, 306 P.3d 265 (2013).

During the pretrial stages of the proceedings, the district court authorized the hiring by the defense of an expert witness, coroner Dr. Corrie May. Although these funds for an expert witness in Friday's defense were approved, no expert witness was called by the defense nor was she even listed as a witness.

Prior to trial, Friday's first attorney filed a motion to suppress a videotaped recording of Friday being interviewed by the police. In her motion, Friday argued the confession was not voluntary because

> "[t]his interrogation was lengthy, in the middle of the night (running from after midnight to approximately 3:45 a.m.). The manner and duration are problematic, since the officer sought to intimidate and coerce Ms. Friday into a statement. The officer lied to Ms. Friday about accusations and evidence against her, yelled at her, called her names, cursed at her and otherwise committed unfair tactics."

The motion also argued that even if the substance of Friday's statements to police were admissible, the videotaped interview was not because it contained inadmissible material such as the police officer's opinions as to the truthfulness of Friday's statements.

2

Prior to the hearing on the motion, Friday wrote a letter to the court asking to dismiss her first attorney. Counsel dutifully filed a motion to withdraw as counsel of record; a second attorney was appointed but was later dismissed due to a conflict of interest. A third attorney was ultimately appointed as Friday's trial attorney.

Friday's third attorney argued the motion to suppress before the district court. At the hearing on the motion, the State called Lawrence Police Officer Lance Flachsbarth. Flachsbarth testified he made contact with Friday at her house in Topeka and asked her to discuss the incident with him at the Topeka police station. Friday refused but did agree to go with Flachsbarth to a Lawrence police station. After taking Friday to Lawrence, Flachsbarth advised Friday of her rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). Friday waived those rights and agreed to speak with him. Flachsbarth stated that the interview lasted about 3 ½ hours and breaks were taken during the interview. Friday never asked for a lawyer during the interview, but after she indicated she did not want to talk anymore, she was arrested.

On cross-examination, Friday's counsel elicited that the interview started at 12:30 a.m. and lasted until 3:30 a.m. and that the officer knew Friday was pregnant. Flachsbarth told Friday at the outset of the interview that she was not under arrest but testified that, in his mind, she was going to be detained at the conclusion of the interview.

Neither the State nor Friday made arguments regarding the testimony presented at the hearing on the motion to suppress. Rather, there was a discussion concerning the redactions to the videotaped interview. The State agreed with Friday's arguments that evidence concerning Friday's prior cocaine use and a prior domestic battery charge should be redacted from the videotape. The district court granted this request but ultimately denied the motion to suppress on the grounds that Friday was advised of her rights, indicated that she understood those rights, and consented to the interview. The

3

court found that Friday's statement was voluntary and knowledgeably given and admitted the videotape into evidence with the redactions agreed to by counsel.

The case proceeded to trial, and Friday was convicted by a jury of second-degree murder. Friday appealed her conviction, which was ultimately upheld by our Supreme Court on August 9, 2013. *Friday*, 297 Kan. 1023.

On June 11, 2014, Friday filed a motion under K.S.A. 60-1507 claiming ineffective assistance of trial counsel and requesting appointment of counsel. The motion alleged in relevant part:

"(a) My Attorney never completed the follow up of the evidence with the recording of statements. He [suppressed] evidence that could have helped me.

"(b) Did not present the [forensic] conclusion which stated the events could not be determined how things happen [without] more information from the Lawrence Police department."

Counsel was appointed to represent Friday on her 60-1507 motion. The State sought to summarily deny Friday's motion, arguing it was conclusory. Friday filed an initial reply to the State's motion, indicating counsel needed additional time to review her claims and that they would be clarified with the assistance of counsel.

Friday then filed a supplement to her pro se 60-1507 motion setting out 10 grounds for why trial counsel's performance was ineffective:  (1) Trial counsel was not qualified to try a homicide case and had not met the requirement of trying five jury cases to a verdict; (2) trial counsel did not ask for additional time to prepare; (3) trial counsel agreed to try a murder case within 60 days of appointment; (4) trial counsel failed to adequately argue the motion to suppress; (5) trial counsel did not utilize the approved medical expert; (6) trial counsel failed to conduct a reasonable voir dire; (7) trial counsel

4

failed to make evidentiary objections; (8) trial counsel failed to adequately cross-examine a witness; (9) trial counsel's case-in-chief was a strategic failure by calling a codefendant; and (10) trial counsel's overall strategy failed to account for the State's theory of the case and the elements of the "reckless" charge. Friday filed a trial memorandum expanding on these points. In response to Friday's amended claims, the State argued they were beyond the scope of Friday's original motion and were filed outside the 1-year statute of limitations to bring the claim.

The district court held a preliminary hearing to determine if Friday's motion had merit. The district court ruled that the bulk of the amended motion should be dismissed as untimely but held that issues concerning the calling of a forensic expert and the motion to suppress the videotaped police interview related back to the original motion and could be considered on the merits. As to Friday's claim concerning the forensic expert, the district court found it conclusory because she failed to proffer what forensic evidence her attorney could have offered to prove the victim did not die from the blows she inflicted. Moreover, the district court held that mere speculation on the part of Friday that another expert might have been able to say blunt force trauma did not kill the victim was not a sufficient basis to find trial counsel ineffective.

On the issue of the motion to suppress, the district court found that a *Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964), hearing had been held and that the trial court determined Friday's statements were voluntary. The district court concluded Friday's attorney could not be found to be ineffective for failing to take a course of action that would not have succeeded.

Friday timely appeals.

5

DID THE DISTRICT COURT ERR BY DISMISSING FRIDAY'S 60-1507 MOTION WITHOUT GRANTING AN EVIDENTIARY HEARING?

A district court has three options when reviewing a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Here, the district court denied Friday's motion after the appointment of counsel and the holding of a preliminary hearing without taking evidence. "When . . . a district court denies a 60-1507 motion based only on the motion, files, and records after a preliminary hearing, we are in as good a position as that court to consider the merits. So we exercise de novo review." *Grossman v. State*, 300 Kan. 1058, 1061, 337 P.3d 687 (2014).

Friday alleges she adequately set out grounds for relief under a claim of ineffective assistance of counsel. Friday argues trial counsel's failure to hire an expert and the abandonment of viable arguments from the motion to suppress constitutes ineffective assistance of counsel. Because the other eight issues addressed by the district court have not been briefed, we deem them abandoned. See *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016).

Claims of ineffective assistance of counsel are analyzed under the two-part test set out in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The first prong of this test requires us to determine whether the attorney's conduct fell below an objectively reasonable standard as protected by the Sixth Amendment to the

6

United States Constitution. *Wilkins v. State*, 286 Kan. 971, 981, 190 P.3d 957 (2008). The Kansas Supreme Court has elaborated on this prong: "Judicial scrutiny of counsel's performance must be highly deferential . . . . A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 286 Kan. at 981.

The second prong requires us to determine if the movant was prejudiced by the substandard performance of his or her attorney. *Bellamy v. State*, 285 Kan. 346, 356, 172 P.3d 10 (2007). The prejudice prong is satisfied when there is a reasonable probability that but for counsel's mistake the outcome would have been different. *Mullins v. State*, 30 Kan. App. 2d 711, 716, 46 P.3d 1222, *rev. denied* 274 Kan. 1113 (2002). A reasonable probability of a different outcome is one that undermines the confidence in the outcome. *Chamberlain v. State*, 236 Kan. 650, 657, 694 P.2d 468 (1985).

A.    *Failure to Hire an Expert*

Friday's first claim of ineffective assistance of counsel is that her trial attorney was ineffective for not hiring a forensic expert. Friday argues an expert could have contradicted the coroner's ultimate conclusion that blunt force trauma caused the victim's death because the coroner identified other factors that contributed to the victim's death. Friday's claim rests on the proposition that if facts not in the record which, if true, would support a claim for relief, then the district court erred by denying her motion without an evidentiary hearing. See *McDermed v. State*, 36 Kan. App. 2d 806, 812, 146 P.3d 222 (2006), *rev. denied* 283 Kan. 931 (2007).

However, in order to be granted an evidentiary hearing, "'"a movant has the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing; the movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims or an evidentiary basis must appear in the record."'" [Citations

7

omitted.]'" *Holmes v. State*, 292 Kan. 271, 274, 252 P.3d 573 (2011). Additionally, when "facts not in the original record that would, if true, entitle the movant to relief, and if readily available witnesses are identified whose testimony would support those facts, it is error for the district court to summarily deny the motion without holding an evidentiary hearing." *McDermed*, 36 Kan. App. 2d at 812. If the movant satisfies this burden, then the court is required to grant an evidentiary hearing on the motion unless the motion is second or successive. *Sola-Morales*, 300 Kan. at 881.

Here, Friday has not presented any evidence to suggest the victim died from anything other than blunt force trauma and the additional factors the coroner identified. Friday only identified Dr. May as a potential expert witness for the defense because funding to hire her had been approved. No evidence was proffered to the district court that would contradict the coroner's ultimate conclusion. Instead, Friday wholly relies on the approval of funds to hire an expert and her first attorney's statement that the victim had only a small injury as grounds for ineffective assistance of counsel. In our view, nothing besides speculation was presented to the district court concerning how an expert would have changed the outcome of the trial. Therefore, we agree with the district court that Friday's claim on this issue is conclusory and does not warrant an evidentiary hearing. See *Trotter v. State*, 288 Kan. 112, 135, 200 P.3d 1236 (2009).

B.     *Failure to Prevent the Admission of the Videotape*

Friday's second claim on appeal is that her trial attorney effectively abandoned a motion to suppress the videotaped recording of her questioning by the police. She claims that counsel erroneously relied upon the State's suggestion that the issue concerned the voluntariness of Friday's statements to the police instead of focusing on whether the videotaped interview was inadmissible on other grounds. As this is a two-part argument, we will address each in turn.

8

1.    *Trial counsel did not abandon the issue of whether Friday's statements to police were voluntary but may not have adequately argued the issue.*

First, we agree with the State that Friday's arguments concerning the voluntariness of her statements to police were not abandoned by her trial counsel. At the hearing on the motion to suppress, trial counsel elicited testimony consistent with the motion to suppress filed by Friday's first attorney:  (1) Flachsbarth testified the police interview began at 12:30 a.m. and lasted until 3:30 a.m.; (2) Flachsbarth knew Friday was pregnant at the time of the interview; and (3) Flachsbarth intended to arrest Friday even though he told her she was not under arrest. Trial counsel elicited some testimony necessary for the district court to potentially suppress the evidence. In that sense, trial counsel did not abandon the motion to suppress.

Second, however, Friday's real objection also seems to embrace a claim that trial counsel did not argue the issue in a constitutionally adequate way. We regard this claim as sufficient to raise a substantial issue warranting an evidentiary hearing, and the district court erred in not further exploring it. The motion to suppress filed by Friday's first attorney raised five factors for the district court to consider as to the voluntariness of Friday's statement to police:  (1) Friday's mental condition; (2) the manner and duration of the interrogation; (3) Friday's ability to communicate with the outside world; (4) Friday's age, intellect, and background; and (5) the fairness of the officers in conducting the investigation. But at the hearing on the motion to suppress, trial counsel only touched on points 2 and 4 and did so only briefly.

Most problematic from our standpoint is trial counsel's failure to inquire and argue the manner of the interrogation and the fairness of the officers conducting it. The first part of the suppression motion specifically raised concerns that the interrogating detective repeatedly swore and shouted at Friday, called her names, and questioned her truthfulness. None of these issues were raised by trial counsel at the suppression hearing.

9

Moreover, neither the prosecutor nor Friday's trial counsel offered the videotape of the interrogation as an exhibit at the suppression hearing. The district court, therefore, did not have the opportunity to review the visual and aural record of the police questioning of Friday—something that presumably would be highly informative on the issue of voluntariness. An evidentiary hearing is required to explore the validity of these issues and the sufficiency of trial counsel's performance in dealing with them.

2. *Trial counsel did abandon arguments that admission of the videotaped police interview was improper even if the statements were voluntary.*

Friday's second argument contends that trial counsel abandoned the second part of the motion to suppress filed by her first attorney, which was in essence a motion in limine, which argued that even if Friday's statements to law enforcement were deemed voluntary, the videotaped interview should not be shown to the jury. That part of the motion argued:

> "In the event that the Court decides that the statements are admissible, counsel still requests that the videotape not be played to the jury. For one thing, the videotape would be edited so heavily that it would confuse the jury and would suggest that portions have been redacted. Secondly, the videotape shows a contentious attitude on the part of [Flachsbarth]. It shows Ms. Friday often remaining silent when he yells, but occasionally she yells back. Given that [Flachsbarth] yelled and swore at Ms. Friday for hours and commented at length about prejudicial, inadmissible matters, Ms. Friday's reactions to him, her demeanor and her body language, if taken out of context, could prejudice her in the eyes of the jury. Accordingly, counsel requests that the substance of the statement be admitted, if ordered by the Court, without the edited videotape being played."

The motion also argued that the videotape contained inadmissible evidence of prior alleged criminal incidents, drug and alcohol use by Friday, and Flachsbarth's comments on the truthfulness of Friday's statements.

10

The transcript of the suppression hearing shows that trial counsel did not raise these alternative arguments as to why the videotape should not be shown to the jury even if Friday's statements to law enforcement were deemed voluntary. Instead, the hearing on the motion to suppress focused primarily on the voluntariness of Friday's statements and addressed agreed-upon redactions to the videotape. There was no discussion of the possible existence of any inadmissible evidence contained in the videotape; in fact, the videotape shown to the jury did not include redaction of Flachsbarth's opinions that Friday was lying during questioning. This is particularly disconcerting because in *State v. Elnicki*, 279 Kan. 47, 57, 105 P.3d 1222 (2005), our Supreme Court held that a videotaped interrogation presented to the jury containing repeated commentary by the interrogating detective that the defendant's statements were untruthful was improper.

In light of this failure, we find Friday has presented a substantial issue warranting an evidentiary hearing and the district court erred in denying this part of Friday's K.S.A. 60-1507 motion. Accordingly, we reverse the district court's denial of Friday's motion concerning the voluntariness of her statements and the admissibility of the redacted videotaped police interview and remand the matter for an evidentiary hearing.

Affirmed in part, reversed in part, and remanded.

11