NOT DESIGNATED FOR PUBLICATION

No. 120,739

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES RYAN BLOOM,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed March 6, 2020. Affirmed.

*Shannon S. Crane*, of Hutchinson, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., BUSER, J., and BURGESS, S.J.

PER CURIAM: James Ryan Bloom was convicted of rape, six counts of aggravated indecent liberties with a child, and lewd and lascivious behavior in 2006. This is his appeal of the district court's summary denial of his second K.S.A. 60-1507 motion filed in August 2017. On appeal, Bloom contends the district court erred by denying his second motion because he received ineffective assistance of habeas motion counsel and habeas appellate counsel during his first K.S.A. 60-1507 proceeding. Finding no error, we affirm the summary dismissal of Bloom's second K.S.A. 60-1507 motion.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2006, a jury convicted Bloom of one count of rape in violation of K.S.A. 21-3502(a)(2), six counts of aggravated indecent liberties with a child in violation of K.S.A. 21-3504(a)(3)(A), and one count of lewd and lascivious behavior in violation of K.S.A. 21-3508(a)(2). Three years later, in 2009, Bloom filed a direct appeal alleging eight trial issues but this court affirmed the convictions and sentences in *State v. Bloom*, No. 97,883, 2009 WL 743049 (Kan. App. 2009) (unpublished opinion), *rev. denied* 289 Kan. 1280 (2010).

In 2011, Bloom filed his first K.S.A. 60-1507 motion. In that motion, Bloom alleged seven claims: (1) The district court unconstitutionally admitted Bloom's coerced statements, (2) ineffective assistance of appellate counsel for failing to appeal the State's failure to present adequate evidence at a hearing to continue trial due to an unavailable witness which resulted in a speedy trial violation, (3) ineffective assistance of trial counsel for failing to object to the admission of a DVD at trial which contained the victim's statements, (4) the district attorney's alleged conflict of interest, (5) a claimed due process violation based on the State's threats to witnesses, (6) ineffective assistance of trial counsel during plea negotiations, and (7) ineffective assistance of trial counsel during sentencing.

Pamela Parker was appointed as habeas counsel to represent Bloom in his first K.S.A. 60-1507 proceeding. At the hearing on the motion, the district court granted the State's motion to dismiss the first five of these claims because they had been addressed in Bloom's direct appeal. Bloom voluntarily dismissed the claim of ineffective assistance of counsel during sentencing. The only remaining claim was the allegation of ineffective assistance of counsel during plea negotiations. But the district court later granted the State's motion to summarily dismiss this claim. Parker filed a notice of appeal of the

dismissal of Bloom's first K.S.A. 60-1507 motion. Sam Kepfield was appointed to represent Bloom as habeas appellate counsel.

On appeal, our court remanded to the district court to hold a *Lafler v. Cooper*, 566 U.S. 156, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012), hearing on the plea negotiation issue. Michael Whalen was appointed to represent Bloom. During the *Lafler* hearing, Bloom alleged Kepfield was ineffective in his appellate representation regarding the plea negotiation claim. The district court held a hearing and concluded that Kepfield was not ineffective during his representation. After the hearing was completed, our court addressed the merits of the plea negotiation issue and determined that Bloom was not entitled to relief. *Bloom v. State*, No. 110,577, 2016 WL 2610265 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. 1316 (2017).

On August 31, 2017—seven days after the Supreme Court denied review of our court's affirmance of the denial of Bloom's first K.S.A. 60-1507 motion—Bloom filed his second K.S.A. 60-1507 motion. This second motion is the subject of this appeal. The second motion alleged that Parker was ineffective in representing Bloom during his first motion hearing because she allegedly advocated against him by informing the district court that five of the seven issues (previously mentioned) had been raised in his direct appeal and should not be considered in a K.S.A. 60-1507 motion.

Bloom also asserted that Parker failed to adequately preserve those five issues for appeal even though he instructed her to appeal those issues. According to Bloom, the notice of appeal only addressed the adverse ruling on the ineffectiveness of counsel during plea negotiations. In the current motion, Bloom claimed that Kepfield's appellate brief stated that the district court's rulings on the five issues were correct and that Kepfield never filed an amended notice of appeal. Also in Bloom's second K.S.A. 60-1507 motion, Bloom alleged Kepfield failed to advocate for him on appeal because Bloom instructed him to appeal all adverse rulings, not just the plea negotiation ruling.

3

Lastly, in his second motion, Bloom alleged Whalen was ineffective for failing to file a motion to alter or amend the district court's adverse rulings relating to the *Lafler* hearing. Bloom also complained that Whalen failed to object to the district court's findings of facts and conclusions of law.

In response to Bloom's second K.S.A. 60-1507 motion, the State argued that his latest claims regarding the alleged ineffectiveness of Parker and Kepfield should be summarily dismissed because they had already been addressed in his direct appeal and Bloom failed to show any prejudice.

The district court summarily denied Bloom's second motion finding that those claims had previously been raised and resolved in his direct appeal. As a result, the district court found there was no ineffectiveness for habeas motion and appellate counsel to not prosecute the five claims. Bloom filed a timely notice of appeal.

SUMMARY DISMISSAL OF SECOND K.S.A. 60-1507 MOTION

*Standards of Review and Relevant Law*

We begin with a brief summary of our standards of review and Kansas law pertaining to K.S.A. 60-1507 motions. Our standard of review provides that a district court has three options when deciding a K.S.A. 60-1507 motion. Here, the district court determined that the motion, files, and case records conclusively showed the movant was entitled to no relief and summarily denied the motion. See *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018).

When the district court summarily dismisses a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and

4

records of the case conclusively establish that the movant is not entitled to relief. *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. If such a showing is made, the court is required to hold a hearing unless the motion is a "'second'" or "'successive'" motion seeking similar relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014) (quoting *Holmes v. State*, 292 Kan. 271, 274, 252 P.3d 573 [2011]); see also *Littlejohn v. State*, 310 Kan. 439, Syl., 447 P.3d 375 (2019) ("An inmate filing a second or successive motion under K.S.A. 60-1507 must show exceptional circumstances to avoid having the motion dismissed as an abuse of remedy.").

The extent of a movant's statutory right to be provided with effective assistance of counsel in a K.S.A. 60-1507 proceeding is a legal question to be reviewed de novo. *Mundy v. State*, 307 Kan. 280, 294, 408 P.3d 965 (2018). To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish: (1) that the performance of counsel was deficient under the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable probability the jury would have reached a different result absent the deficient performance. *State v. Salary*, 309 Kan. 479, 483, 437 P.3d 953 (2019); *Sola-Morales*, 300 Kan. at 882 (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 [1984]).

Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury. The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. See *State v. Kelly*, 298 Kan. 965, 969-70, 318 P.3d 987 (2014).

*Appellate Procedural Requirements*

At the outset, it is necessary to address three procedural requirements that are necessary for our court to conduct an appellate review of Bloom's second K.S.A. 60-1507 motion. First, Bloom's appellate brief only addresses the ineffective assistance claims regarding Parker and Kepfield. While in his second motion, Bloom raised the ineffectiveness of Whalen's representation, on appeal he has not raised or briefed this claim. "[A] failure to adequately brief an issue results in abandonment or waiver." *State v. Logsdon*, 304 Kan. 3, 29, 371 P.3d 836 (2016). As a result, on appeal, Bloom has abandoned the claim of Whalen's ineffectiveness and we will not review it.

Second, the basis of Bloom's appeal of his second K.S.A. 60-1507 motion obviously originates from the events and legal representation in Bloom's first K.S.A. 60-1507 proceeding. Yet, the record on appeal does not include Bloom's first K.S.A. 60-1507 motion, court records, documents, or any transcripts related to the hearings on the first motion. Also missing from the record is Kepfield's appellate brief filed in the first K.S.A. 60-1507 proceeding.

This omission is consequential. On appeal, the party claiming an error has the burden of designating a record that affirmatively shows prejudicial error. Without such a record, an appellate court presumes the action of the district court was proper. *State v. Simmons*, 307 Kan. 38, 43, 405 P.3d 1190 (2017); see also *State v. Miller*, 308 Kan. 1119, 1157, 427 P.3d 907 (2018) ("The burden is on the party making a claim of error to designate facts in the record to support that claim; without such a record, the claim of error fails."). Moreover, our rules of appellate practice provide that an appellate court may presume that a factual statement made without reference to volume and page number has no support in the record on appeal. Supreme Court Rule 6.02(a)(4) (2019 Kan. S. Ct. R. 34).

The claims advanced by Bloom in his second motion are predicated on events, statements, pleadings, briefs, and hearings that occurred in his first K.S.A. 60-1507 proceeding. Without a complete record on appeal, our court is unable to evaluate the propriety of the district court's summary dismissal of the second motion. Accordingly, because of the inadequate record on appeal, we presume the action of the district court was proper. See *Simmons*, 307 Kan. at 43.

Third, in Bloom's appellate brief he states that his

"main contention is that both Parker and Kepfield were ineffective for failing to argue the five issues that were dismissed by the District Court. He argues these issues had merit and should have been raised. He further contends that these were not raised in his direct appeal. They were issues of ineffective assistance of counsel which the appropriate forum to address those issues is in a K.S.A. 60-1507 motion which he did."

Bloom's appellate brief provides no legal arguments or legal precedent in support of the allegations made in his second K.S.A. 60-1507 motion. Indeed, the five issues that are the focus of Bloom's second motion are not separately argued or addressed in his brief. Similarly, no legal argument or legal precedent is submitted to show how the district court erred in its summary dismissal ruling. As mentioned earlier, failure to adequately brief an issue results in abandonment or waiver. See *Logsdon*, 304 Kan. at 29. These claims are procedurally abandoned.

Given these procedural bars, we will still endeavor to address the issues raised in the appeal of the district court's denial of Bloom's second K.S.A. 60-1507 motion.

*Parker's Representation of Bloom in his First K.S.A. 60-1507 Motion*

As mentioned earlier, during Bloom's first K.S.A. 60-1507 motion, he brought seven claims alleging various trial errors. The State moved to dismiss five of the claims

because this court had already addressed the underlying merits of the claims on direct appeal. As asserted in Bloom's second motion, during a hearing on the motion, Parker noted that the merits of the claims had already been addressed on direct appeal and a K.S.A. 60-1507 claim was not the proper avenue to raise the issues.

On appeal, Bloom does not explain why it was improper for Parker to concede that the five issues were improvidently brought other than to claim that she advocated against him. As just noted, Bloom has failed to present any arguments or authority as to each claim's validity on appeal or to suggest why the issue would have been successful had it been raised in the first K.S.A. 60-1507 motion. The State points out that our court addressed and rejected many of these claims in Bloom's direct appeal. We will address the five issues individually.

(1) *Admission of Bloom's Incriminating Statements at Trial*

In Bloom's first K.S.A. 60-1507 motion, he asserted the trial court improperly admitted incriminating statements that he made to law enforcement officers as a result of threats and promises. This claim was addressed in Bloom's direct appeal. Our court found no error, stating:

> "Bloom . . . admitted he drove to the April 17 interview on his own, he was not under arrest during the interview, and he was allowed to leave after the interview.
> . . . .
> "Further, we note that although Bloom introduced two e-mails purported to be from [District Attorney Keith] Schroeder to [the victim's mother J.B.], which Bloom claimed provided evidence of promises made by Schroeder, neither of those e-mails supports his assertion. Both e-mails are dated after his written and oral confessions, and neither e-mail discusses any promises or conversation to or about Bloom.
> "Additionally, Bloom's own actions prior to and during the videotaped interview with Detective Newsum belie his claim that promises or threats were made by Schroeder to induce his confession. For instance, the Blooms requested the interview with Detective

Newsum and demanded that it be conducted by the KBI rather than by Hutchinson police. Bloom verified at the start of the interview that he voluntarily appeared, he was not under arrest, and he understood and waived his *Miranda* rights. And perhaps most significant, Bloom verified at the close of the interview that neither Detective Newsum nor anyone in Schroeder's office had pressured him to make his confessions.

"And finally, in light of Bloom's extensive education and background in law enforcement, and his employment as an instructor at the Kansas Law Enforcement Training Center, the district court was well aware of Bloom's knowledge and understanding of the criminal justice system." *Bloom*, 2009 WL 743049, at *8, 11-12.

This issue was resolved in Bloom's direct appeal. Under K.S.A. 60-1507(c), a sentencing court is not required to entertain a second or successive motion for similar relief on behalf of the same prisoner. *Beauclair*, 308 Kan. at 304. To avoid a dismissal of a second or successive K.S.A. 60-1507 motion, the movant bears the burden of establishing exceptional circumstances. 308 Kan. at 304. However, no exceptional circumstances are asserted or argued on appeal.

(2) *Failure of Appellate Counsel to Raise Speedy Trial Issue*

At trial, Bloom raised a speedy trial violation based on the State's motion to continue the trial due to an unavailable witness. At trial and on direct appeal, Bloom asserted that the continuance should not have been granted because the State's motion did not specify the statutory basis for the continuance. Bloom again raised the speedy trial issue in his second motion but he alleged his appellate counsel on his direct appeal was ineffective for failing to argue that the State did not introduce any evidence that the witness was unavailable as required by statute. Bloom highlights our court's statement in the direct appeal that appellate counsel's argument was "not entirely clear." *Bloom*, 2009 WL 743049, at *4.

Still, our court noted in Bloom's direct appeal:

"While Bloom correctly notes that the district court's order did not specify the reason for the second continuance, Bloom fails to acknowledge that the district court conducted a full hearing at which the State clearly sought continuance of the trial based upon the unavailability of C.B., a material witness. Moreover, Bloom's counsel was given the opportunity to fully respond to Bloom's argument and did so at the hearing. A review of the transcript of the hearing leaves no question that the district court granted the State's requested continuance based upon the unavailability of a material witness.

"Thus, we conclude both continuances were authorized under K.S.A. 22-3402(5) and did not count against the 90-day statutory trial period." 2009 WL 743049, at *4.

The transcript from the continuance motion is included in the record on appeal. The State presented facts that C.B. was an unavailable witness because her mother, J.B., had been arrested by Colorado authorities and then told the prosecutor that she did not intend to cooperate by producing C.B. as a witness at trial. Bloom's trial counsel still argued that the State failed to make reasonable efforts to produce the witness.

In Bloom's direct appeal, our court exercised unlimited review over the issue and determined that the continuance was authorized under K.S.A. 22-3402(5). As a result, this issue was resolved in Bloom's direct appeal, and there was no basis for the district court to entertain a second or successive motion for similar relief. See *Beauclair*, 308 Kan. at 304.

(3) *Failure of Trial Counsel to Object to Admission of a DVD at Trial*

In his second K.S.A. 60-1507 motion, Bloom alleged his trial counsel was ineffective for failing to object to the admission of the victim's statements on a DVD that was admitted as evidence at trial. In his motion, Bloom notes that the issue was raised in his direct appeal, but our court determined that the issue was precluded from review for

10

trial counsel's failure to make a contemporaneous objection. Bloom argues that but for his counsel's ineffectiveness, the issue could have been appropriately raised in his direct appeal and in his first K.S.A. 60-1507 motion.

Bloom confuses the underlying facts of the DVD issue. The underlying facts of this argument are the same as that of Bloom's claim on direct appeal that the district court erred in admitting "coerced" witness testimony from the victim, C.B. In Bloom's direct appeal, our court noted that trial counsel properly objected to the admission of the DVD but the objection was overruled. *Bloom*, 2009 WL 743049, at *14. Trial counsel, however, did not object to C.B.'s testimony at trial. As a result, the incriminating statements were admitted into evidence. It was trial counsel's failure to object to the admission of C.B.'s corroborating testimony at trial which precluded review. 2009 WL 743049, at *14.

Regardless, our court addressed the issue on the merits and ruled that C.B.'s statements were properly admitted. Our court noted that suppression of allegedly coerced statements was not the appropriate remedy. 2009 WL 743049, at *14-15. Further, this court found there was no coercion:

> "[C.B. stated] that she had not been forced or threatened to testify, no one threatened to remove her from her home, and no one made any promises in return for her testimony. C.B. specifically testified that Schroeder did not make any threats or promises to her; he only told her to tell the truth. Further, C.B. testified that she moved to Hutchinson when she was 11, that she and her family lived in two different houses in Hutchinson, and that Bloom touched her inappropriately in both houses. C.B. told the jury she was interviewed in Colorado and that she told the interviewer the truth about what had happened to her in Hutchinson. The district court then admitted the DVD of the Colorado interview, over Bloom's objection." 2009 WL 743049, at *14.

11

C.B.'s statements recorded on the DVD were admitted, but not because of the ineffectiveness of Bloom's trial counsel. Our court resolved the issue in Bloom's direct appeal. As a result, the district court was not required to entertain a second or successive motion for similar relief. See *Beauclair*, 308 Kan. at 304.

(4) *District Attorney's Alleged Conflict of Interest*

Bloom's second motion alleges that District Attorney Schroeder had a conflict of interest which violated Bloom's constitutional rights. This conflict apparently originated in Bloom's assertion that the prosecutor used coercive tactics in an effort to persuade Bloom to provide written statements to law enforcement.

The State contends this issue was raised in Bloom's direct appeal. However, the issue raised in Bloom's direct appeal related to the district court's refusal to compel the prosecutor to testify at trial about coercive tactics. Still, the gravamen of this issue—the district attorney's purported use of coercive tactics to secure Bloom's cooperation—was resolved in his direct appeal.

Our court indicated that although Bloom proffered that the district attorney made promises of leniency and used coercive tactics to gain Bloom's cooperation in making incriminating statements, several email and phone call records did not support his assertion. See 2009 WL 743049, at *7-9. Moreover, as discussed earlier regarding the first issue relating to the admission of Bloom's incriminating statements at trial, Bloom admitted that he drove to the interview on his own, he was not in custody during the interview, he waived his *Miranda* rights, and "perhaps most significant, Bloom verified at the close of the interview that neither Detective Newsum nor anyone in Schroeder's office had pressured him to make his confessions." 2009 WL 743049, at *11. Finally, Bloom left after the interview was concluded.

In summary, on direct appeal our court found that Bloom was not coerced into making any written statements or cooperating with law enforcement. Bloom does not provide a basis for the conflict of interest claim other than stating that Schroeder used coercive tactics to persuade Bloom to cooperate with law enforcement. Upon this basis, the essence of the conflict of interest claim was resolved on direct appeal. Finally, Bloom does not provide any reason why he could not have raised this particular issue in his direct appeal. "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." *State v. Trotter*, 296 Kan. 898, Syl. ¶ 2, 295 P.3d 1039 (2013). No such grounds have been alleged.

(5) *Due Process Claim Based on Threats to Witnesses*

Bloom asserts in his second motion that the State interfered with C.B.'s attorney by threatening him with prosecution in violation of his right to due process. According to Bloom, he intended to use the attorney's testimony to prove that the State used coercive tactics against C.B. to influence her testimony. Specifically, Bloom asserts that C.B.'s attorney refused to come to Kansas to testify on Bloom's behalf at trial because the State threatened to bring criminal charges against him.

Similar to the analysis of Bloom's third claim relating to the admission of the DVD of C.B.'s statements at trial, our court on direct appeal found that C.B. testified that she was not forced or coerced into providing testimony and that Schroeder did not make any threats or promises to her. Moreover, our court held there was no evidence that any "alleged misconduct by the prosecutor affected Bloom's substantial rights to a fair trial." *Bloom*, 2009 WL 743049, at *1.

Bloom's claim is similar to the one he raised in his direct appeal. On direct appeal he complained of coercive tactics against C.B., while the second motion alleged the

13

State's interference with C.B.'s attorney. Still, Bloom did not raise any concern with respect to the State's coercive tactics against C.B.'s attorney at trial, nor does he argue that his counsel was ineffective for failing to raise the issue. Bloom provides no reason as to why he could not have raised the issue in his direct appeal. This failure alone merits summary dismissal. See *Trotter*, 296 Kan. 898, Syl. ¶ 2.

Having concluded that the five claims raised by Bloom in his second K.S.A. 60-1507 motion were previously considered and rejected by our court on direct appeal, we next consider whether Parker was ineffective in failing to advocate for these five issues in Bloom's first K.S.A. 60-1507 motion.

In his second motion, Bloom asserts that during a hearing on his first K.S.A. 60-1507 motion, Parker said, "In all candor to the court, [the State's] response, at least on several issues I think the court is going to have to dismiss this because they were taken up on appeal and addressed already and obviously cannot be taken care of through this venue." Bloom points to language in *Robertson v. State*, 288 Kan. 217, 201 P.3d 691 (2009), and argues that an attorney must not act as an objective arbiter for the court but should pursue relief for the client.

As noted earlier, the statement attributed to Parker and the transcript of the hearing on Bloom's first K.S.A. 60-1507 motion are not a found in the record on appeal. Assuming the truth of Bloom's allegation, without the hearing transcript we have no factual basis or context to evaluate Parker's comments and overall advocacy. Without such a factual record we are unable to apply the appropriate law to resolve this issue. As a result, we presume the district court's ruling was proper. See *Simmons*, 307 Kan at 43.

Still, assuming Bloom's characterization of Parker's comments are accurate, *Robertson* is factually distinguishable. While habeas motion counsel informed the district court that three trial errors raised by his client in the K.S.A. 60-1507 should have been

14

raised in the direct appeal, the district court stated that some of the issues had, in fact, already been raised and counsel admitted that he had not read the appellate decision which affirmed the convictions. 288 Kan. at 220. In short, based on statements made by Robertson's habeas counsel, it is apparent that counsel was ineffective for not reading the opinion in the direct appeal before conceding any habeas issues.

Moreover, Robertson's habeas counsel also noted that trial counsel's representation was "'exceptional'" and that "it would be impossible to determine that it was in any way unreasonable or defective . . . . Counsel, noting his duty not to file frivolous pleadings, ultimately suggested that Robertson's claims either should have been raised on direct appeal or were without merit." 288 Kan. at 221. As a consequence, Robertson's habeas counsel did not advocate for all of the claims raised in the motion.

In this appeal, Bloom makes no assertion that Parker actively advocated for the effectiveness of Bloom's prior counsel, and the record shows that Parker argued in support of Bloom's claim that trial counsel provided ineffective assistance of counsel during plea negotiations—a claim that although dismissed by the district court was appealed to our court and resulted in a remand for an evidentiary hearing.

In contrast to *Robertson*, in *McDermed v. State*, 36 Kan. App. 2d 806, 810-11, 146 P.3d 222 (2006), our court found that habeas counsel did not advocate against his client when he conceded an issue about a particular defense and stated that the sufficiency of the evidence claim had already been raised in the defendant's direct appeal. Our court held that habeas counsel's actions were more accurately viewed as expressing candor with the court. "Under Kansas Rule of Professional Conduct 3.3 (2005 Kan. Ct. R. Annot. 462), McDermed's counsel had a duty of candor toward the court and could not offer evidence he knew to be false or make arguments he knew had no merit. Counsel's candor to the court was appropriate given the circumstances." 36 Kan. App. 2d at 811.

15

Finally, assuming our court made a finding of ineffectiveness, Bloom's claim for relief fails to provide a prejudice argument in his motion and on appeal. Many of Bloom's claims were addressed in his direct appeal and are now successive. Bloom does not provide any explanation as to why the trial errors that did not involve an ineffective assistance of counsel claim could not have been brought in his direct appeal. See *Blaurock v. State*, No. 120,858, 2019 WL 7207548, at *8 (Kan. App. 2019) (unpublished opinion) ("Blaurock fails to explain what exceptional circumstances exist to justify our consideration of this issue despite its successiveness."), *petition for rev. filed* January 28, 2020. On the trial issues that Bloom alleges were not properly preserved due to ineffective assistance of counsel, this court has already ruled on the merits and found no error. Bloom fails to assert how the outcome would have been different had counsel been effective or if he had been able to raise the issues. Given the meritless basis for Bloom's claims, he has failed to show that, if these claims had been argued and appealed by habeas counsel in the first K.S.A. 60-1507 motion, the claims would have been successful in the district court or on appeal. See *Salary*, 309 Kan. at 483.

*Kepfield's Representation of Bloom in the Appeal of the First K.S.A. 60-1507 Motion*

To establish ineffective assistance of counsel on appeal, the defendant must show that (1) counsel's performance, based upon the totality of the circumstances, was deficient in that it fell below an objective standard of reasonableness, and (2) the defendant was prejudiced to the extent that there is a reasonable probability that, but for counsel's deficient performance, the appeal would have been successful. *Miller v. State*, 298 Kan. 921, 930-31, 934, 318 P.3d 155 (2014); see also *State v. Butler*, 307 Kan. 831, 852-53, 416 P.3d 116 (2018) (detailed quotation describing the *Strickland* standard). The failure of appellate counsel to raise an issue on appeal is not, per se, ineffective assistance of counsel. See *State v. Shelly*, 303 Kan. 1027, 1045, 371 P.3d 820 (2016).

According to Bloom, Kepfield only raised the issue that Parker listed in the notice of appeal. However, generally, "[a]ppellate counsel is not ineffective for failing to raise issues that are meritless or are not preserved for appeal." *Currie v. State*, No. 94,606, 2007 WL 881750, at *4 (Kan. App. 2007) (unpublished opinion). Moreover, "[i]n an appeal from a criminal conviction, appellate counsel should carefully consider the issues, and those that are weak or without merit, as well as those which could result in nothing more than harmless error, should not be included as issues on appeal." *Baker v. State*, 243 Kan. 1, 10, 755 P.2d 493 (1988). In short, neither Kepfield or Parker were required to file a notice of appeal that listed weak or meritless issues.

Bloom claims Kepfield's brief stated that the district court was correct to dismiss the five claims and he also argued that Kepfield failed to assert that the district court erred. However, Kepfield's appellate brief is not included in this record on appeal and, as a result, we are unable to evaluate the statements made and relevant context to determine if Kepfield was ineffective. Moreover, *Baker* holds that Kepfield was not required to include weak or meritless claims in the appeal. Bloom did not assert that Kepfield's performance was deficient for failing to carefully consider the issues, and he does not explain how any ineffectiveness resulted in prejudice.

Finally, Kepfield was successful in obtaining a remand for an evidentiary hearing on the matter he appealed. The record does not establish that Kepfield was ineffective as habeas appellate counsel.

Affirmed.